IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Michael L. Green, | ) | C/A No. 0:13-623-MGL-PJG |
| Plaintiff, | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| Orangeburg Calhoun Detention Center; Nurse Webber, | ) | |
| Defendants. | ) | |

Plaintiff Michael L. Green ("Green"), a self-represented litigant, filed this action pursuant to 42 U.S.C. § 1983 alleging violation of his constitutional rights by the Orangeburg Calhoun Detention Center[1] and Nurse Webber.[2]  This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the defendants' motion for summary judgment.  (ECF No. 30.)  Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Green was advised of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the defendants' motion.  (ECF No.

---

[1] Although Green names the Orangeburg Calhoun Detention Center as a defendant in this action, the court observes that this defendant is not a "person" within the meaning of § 1983. See Monell v. Dep't of Soc. Serv., 436 U.S. 658, 690 & n.55 (1978) (noting that for purposes of § 1983 a "person" includes individuals and "bodies politic and corporate"); Preval v. Reno, 57 F. Supp. 2d 307, 310 (E.D. Va.1999) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."), rev'd on other grounds 2000 WL 20591, *1 (4th Cir. 2000) (unpublished) ("The court also properly determined that the Piedmont Regional Jail is not a 'person' and is therefore not amenable to suit under § 1983."); Brooks v. Pembroke City Jail, 722 F. Supp. 1294, 1301 (E.D.N.C.1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). Therefore, any claims against this defendant should be dismissed.

[2] The court observes that the correct spelling of this defendant's name is "Weber." (See Weber Aff., ECF No. 30-3 at 2.)



31.) In response to the defendants' motion, Green filed a cross-motion for summary judgment. (ECF No. 36.) Having carefully considered the parties' submissions and the applicable law, the court concludes that the defendants' motion should be granted and Green's motion should be denied.

## BACKGROUND

Green filed the instant lawsuit regarding the medical treatment he received following an altercation with another inmate during which Green was struck in the head. Green appears to allege that Nurse Weber improperly treated him for issues with his ear and that he should have initially been referred to a specialist. Green seeks monetary damages.

## DISCUSSION

A.     **Summary Judgment Standard**

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the



entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322. Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.     Defendants' Motion for Summary Judgment**

The standard for reviewing medical claims of pretrial detainees under the Fourteenth Amendment is essentially the same as that for a convicted prisoner under the Eighth Amendment—deliberate indifference to serious medical needs. Hill v. Nicodemus, 979 F.2d 987, 991 (4th Cir. 1992); Martin v. Gentile, 849 F.2d 863, 871 (4th Cir. 1988) (citing Estelle v. Gamble, 429 U.S. 97 (1976)). Not "every claim by a prisoner [alleging] that he has not received adequate medical treatment states a violation of the [Constitution]." Estelle, 429 U.S. at 105. A defendant is deliberately indifferent if he has actual knowledge of a substantial risk of harm to a detainee and disregards that substantial risk. Farmer v. Brennan, 511 U.S. 825, 847 (1994); see also Parrish v. Cleveland, 372 F.3d 294, 302 (4th Cir. 2004). The government is required to provide medical care



for incarcerated individuals.  Estelle, 429 U.S. at 102.  However, to establish deliberate indifference, the treatment "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness."  Miltier v. Beorn, 896 F.2d 848 (4th Cir. 1990).  Mere negligence, malpractice, or incorrect diagnosis is not actionable under 42 U.S.C. § 1983.  See Estelle, 429 U.S. at 106.  Further, while the Constitution requires a prison to provide detainees with medical care, it does not demand that a prisoner receive the treatment of his choice.  Jackson v. Fair, 846 F.2d 811, 817 (1st Cir. 1988).  "[A detainee's] mere difference of opinion over matters of expert medical judgment or a course of medical treatment fail[s] to rise to the level of a constitutional violation." Nelson v. Shuffman, 603 F.3d 439, 449 (8th Cir. 2010) (internal quotation marks and citation omitted); see also Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985).  Moreover, a detainee's disagreement as to the appropriate treatment fails to rise to the level of a constitutional claim and fails to create a genuine issue of material fact.  See Nelson, 603 F.3d at 449; see also O'Connor v. Pierson, 426 F.3d 187, 202 (2d Cir. 2005) ("Lay people are not qualified to determine . . . medical fitness, whether physical or mental; that is what independent medical experts are for."); Dulany v. Carnahan, 132 F.3d 1234, 1240 (8th Cir. 1997) ("In the face of medical records indicating that treatment was provided and physician affidavits indicating that the care provided was adequate, an inmate cannot create a question of fact by merely stating that she did not feel she received adequate treatment."); Fleming v. Lefevere, 423 F. Supp. 2d 1064, 1070 (C.D. Cal. 2006) ("Plaintiff's own opinion as to the appropriate course of care does not create a triable issue of fact because he has not shown that he has any medical training or expertise upon which to base such an opinion.").

    Green has failed to provide any evidence from which a reasonable jury could find deliberate indifference to his medical needs.  As stated above, Green's Complaint appears to allege that Nurse



Weber did not provide proper treatment with regard to his ears. He also appears to allege that he should have been seen by a specialist initially instead of being sent to the emergency room multiple times. In support of their motion for summary judgment, the defendants have provided Green's medical records which show that Green was seen repeatedly for his complaints of right and left ear issues, testicular pain, and strep throat, as well as multiple other complaints and maladies. (See generally Medical Records, ECF Nos. 30-3 at 7-15, 30-4 through 30-11.) The defendants have also provided the affidavit of Nurse Bena Weber, a registered nurse employed at the Orangeburg Calhoun Regional Detention Center ("OCRDC") who treated Green on several occasions. (Weber Aff., ECF No.30-3 at 2-6.)

Nurse Weber treated Green at OCRDC multiple times, including Green's visits regarding his ear problems after he was allegedly struck in the head by another inmate. Weber avers that although Green alleges that she perforated his ear drum during an ear irrigation, Weber has no recollection of performing this procedure on Green, nor do Green's medical records indicate that this procedure was performed on him by Weber or any other doctor or nurse. (Weber Aff., ECF No. 30-3 at 3.) Weber describes in detail the treatment that Green received at OCRDC for his ears and other maladies, including being prescribed medications for treatment and pain, wound care, and monitoring blood pressure. (Id. at 3-6.) In addition, Weber summarizes the treatment that Green received outside of OCRDC from the emergency room as well as when he was seen by an ear, nose, and throat physician, noting that he Green underwent such procedures as a sonogram, a biopsy, and a tympanoplasty. (Id.) Nurse Weber avers that Green was treated within the appropriate nursing standard of care and that Green was never mistreated, misdiagnosed, or neglected in the care he received while at OCRDC.



A review of the medical records shows that Green was seen extensively by the medical staff at the Orangeburg Calhoun Regional Medical Center, as evidenced by more than forty medical entries in an eight-month period. (ECF No. 30-3 at 7-15.) In addition, the medical records demonstrate that Green received treatment outside of the detention center facilities for ear pain, testicular pain, strep throat, an evaluation with an oncologist, and an appointment with an ear, nose and throat physician. (ECF Nos. 30-4 through 30-11.) During the relevant time period, Green also underwent a biopsy for a breast mass and a tympanoplasty for a perforated right ear drum. (Id.)

In response to the defendants' motion, Green merely reiterates the allegations in his Complaint. (ECF No. 36.) Thus, Green's claim of deliberate indifference to a serious medical need fails because the record unequivocally shows that Green was frequently seen and treated by medical staff for his complaints. Moreover, as stated above, Green does not have a claim against the defendants merely because he disagrees with the course of treatment he received. See Jackson, 846 F.2d at 817; Nelson, 603 F.3d at 449; see also O'Connor, 426 F.3d at 202; Dulany, 132 F.3d at 1240; Fleming, 423 F. Supp. 2d at 1070. At most, Green's claims allege negligence or medical malpractice, which is not actionable under § 1983. See Daniels v. Williams, 474 U.S. 327, 328-36 & n.3 (1986); Pink v. Lester, 52 F.3d 73, 78 (4th Cir. 1995) ("The district court properly held that Daniels bars an action under § 1983 for negligent conduct."); Ruefly v. Landon, 825 F.2d 792, 793-94 (4th Cir. 1987); see also Estelle, 429 U.S. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.").

To the extent that Green is seeking to raise state law claims of negligence or medical malpractice against Nurse Weber, South Carolina law requires a plaintiff to file an affidavit of an expert witness with his complaint when asserting a claim of professional negligence against a



professional licensed or registered with the State of South Carolina. S.C. Code Ann. § 15–36–100(B); Martasin v. Hilton Head Health Sys. L.P., 613 S.E.2d 795, 799 (S.C. Ct. App. 2005); Jernigan v. King, 440 S.E.2d 379, 381 (S.C. Ct. App. 1993). This requirement also includes nurses. See S.C. Code Ann. § 15-36-100(G). It is undisputed that Green has failed to file an expert affidavit with his Complaint, and therefore he cannot proceed with a state law claim of negligence or medical malpractice against the Nurse Weber. See also Millmine v. Harris, C/A No. 3:10-1595-CMC, 2011 WL 317643 (D.S.C. Jan. 31, 2011) (holding that, in considering a state law claim for medical malpractice under this court's supplemental jurisdiction, the pre-suit notice and expert affidavit requirements in S.C. Code Ann. §§ 15-36-100 and 15-79-125 are the substantive law in South Carolina).

**C.     Other Claims**

To the extent that Green's Complaint may be construed to allege any other constitutional violations, the court finds that Green has failed to plead sufficient facts to state a plausible claim. See Iqbal, 556 U.S. 662, 667-68 (2009).

### RECOMMENDATION

Accordingly, the court recommends that the defendants' motion (ECF No. 30) be granted and Green's motion (ECF No. 36) be denied.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

March 28, 2014
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).